ISHEE, J.,
for the Court.
¶ 1. Joe Breland was cited with criminal contempt in the Chancery Court of Stone County for failure to pay child support to his former spouse, Tina Breland. Feeling aggrieved by the judgment against him, Mr. Breland appealed. He now asserts that the chancery court erred in not ruling that the judgment of divorce was void and, consequently, that the citation of contempt was void. Finding no error, we affirm the judgment of the Chancery Court of Stone County.
FACTS
¶ 2. Mr. Breland and Ms. Breland were married on November 17, 1984, in Stone County, Mississippi. The couple’s only child was born on January 5, 1986. On February 1, 2001, Ms. Breland filed a complaint for divorce on the ground of habitual cruel and inhuman treatment or in the alternative on the basis of irreconcilable differences. Mr. Breland was personally served with process and provided a copy of the complaint on February 6, 2001. Mr. Breland filed neither an answer to the complaint, nor a counterclaim.
¶ 3. The judgment of divorce was entered on August 6, 2001, granting the parties a divorce on the basis of irreconcilable differences. The judgment of divorce incorporated the property settlement agreement the parties entered into on August 2 and 5 of 2001. The chancellor approved and ratified the property settlement agreement, finding the provisions adequate and sufficient for both parties. The property settlement agreement provided that the parties were to share joint legal custody of the minor child, with Ms. Breland having physical custody. Pursuant to the agreement, Mr. Breland was also required to maintain medical insurance for the minor child and to pay $330 per month in child support to Ms. Breland. Each party signed both the judgment of divorce and the property settlement agreement.
¶4. On August 16, 2002, Ms. Breland filed a complaint for contempt alleging that Mr. Breland failed to pay child support and to maintain health insurance for the child. Mr. Breland filed a counterclaim on October 14, 2002, alleging a material and substantial change in circumstances. Mr. Breland requested that the minor child be emancipated or, in the alternative, that he be relieved of paying child support. The court heard testimony in this matter on December 4, 2002. Judgment was entered on February 21, 2003, granting Ms. Bre-land’s petition for contempt and granting Ms. Breland a judgment against Mr. Bre-land in the amount of $4,613 in past due child support. The entry of that judgment was stayed, pending supplementation of the record as to what sums, if any, had been paid by Mr. Breland to the Mississippi Department of Human Services. Mr. Breland had thirty days to supplement the record and to pay Ms. Breland’s costs and attorney’s fees in the amount of $750. The court also reserved ruling on the issue of criminal contempt, warning that a show cause hearing would be set immediately if Mr. Breland failed to supplement the record with records of payment to the Department of Human Services, of if he failed to pay Ms. Breland’s costs and attorney’s fees.
¶ 5. On October 13, 2004, approximately three years after Mr. Breland and Ms. Breland’s divorce was finalized and after Mr. Breland remarried, Mr. Breland filed a motion to set aside the judgment of divorce and the judgment of contempt. *512 Mr. Breland contended that, pursuant to Mississippi Code Annotated § 93-5-2(5) (Rev.2004), the judgment of divorce was void, as it was entered without an order withdrawing the fault based ground of habitual cruel and inhuman treatment. Mr. Breland further argued that the judgment of contempt was void, as there can be no contempt based upon an invalid divorce decree. The chancery court entered an order denying Mr. Breland’s motion to set aside the judgment of divorce and the judgment of contempt on December 1, 2004. The court found that the statutory mandates of Mississippi Code Annotated § 93-5-2(5) were inapplicable, as Mr. Bre-land filed neither an answer to the complaint for divorce, nor a counterclaim.
¶ 6. On December 21, 2004, the Chancery Court of Stone County found Mr. Breland in criminal contempt for failure to pay child support and ordered him to be incarcerated in the Stone County Jail from 6:00 p.m. every weekday evening until 6:00 a.m. every weekday morning, and from 6:00 p.m. every Friday evening until 6:00 a.m. every Monday morning until he tendered the sum of $6,149.57 in past due child support to Ms. Breland, which would purge him of his contempt. Aggrieved by the judgment against him, Mr. Breland now appeals. He maintains that the chancery court erred in not ruling that the divorce was void. Consequently, Mr. Bre-land argues that the citation of contempt of court was also void.
ISSUES AND ANALYSIS
I. Whether the chancellor erred in not ruling that the divorce between the parties was void and consequently the citation of contempt of court was void.
¶ 7. We begin by stating that our review of domestic relation matters is limited. Carrow v. Carrow, 741 So.2d 200, 202(¶ 9) (Miss.1999). We will not reverse the decision of a chancery court unless the chancellor abused his or her discretion, was manifestly in error, or applied an erroneous legal standard. Id. (citing Turpin v. Turpin, 699 So.2d 560, 564(¶15) (Miss. 1997)). This is especially true when dealing with divorce, alimony, or child support. Sumrall v. Munguia, 757 So.2d 279, 282(¶ 12) (Miss.2000) (citing Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992)).
¶ 8. Mississippi Code Annotated § 93-5-2(5) states in part that “no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial,” unless “the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.” Mr. Breland maintains that pursuant to Mississippi Code Annotated § 93-5-2(5), the judgment of divorce and the subsequent citation of contempt are void, as the judgment of divorce was entered without an order withdrawing the fault-based ground of habitual cruel and inhuman treatment. Absent such a withdrawal, Mr. Breland alleges that the chancery court did not have the authority and jurisdiction to enter the divorce.
¶ 9. The chancery court held that the mandates of Mississippi Code Annotated § 93-5-2(5) were inapplicable to the Bre-land divorce proceedings. We agree. Mr. Breland filed neither an answer to the complaint for divorce, nor a counterclaim. Moreover, Mr. Breland admits in his appellate brief that the proceedings for divorce were uncontested. Without a contest or denial, a withdrawal of the fault ground is not required. Thus, we agree with the chancery court’s ruling that the mandates of Mississippi Code Annotated § 93-5-2(5) do not apply in this case.
¶ 10. The court below also found that the applicable statute in this case was Mis *513 sissippi Code Annotated § 93-5-2(1), which provides in part that a “[djivorce ... may be granted on the ground of irreconcilable differences, but only upon the joint complaint of the husband and wife or a complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process.” Mr. Breland was personally served with process on February 6, 2001. Therefore, we find that the Breland divorce proceedings met the requisite statutory mandates. This issue is without merit.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF STONE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.